IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hercules Davis, III, | Case No. 2:24-cv-03693-BHH-MGB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| South Carolina Department of Social Services, | |
| Defendant. | |

Plaintiff, proceeding *pro se*, originally filed this civil action in the Court of Common Pleas for Dorchester County. (Dkt. No. 1-1.) On June 26, 2024, Defendant removed the action to federal court. (Dkt. No. 1.) This matter is now before the Court upon Defendant's Motion to Dismiss (Dkt. No. 8). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., the matter has been referred to the undersigned for all pretrial proceedings. For the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. No. 8) be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

On May 21, 2024, Plaintiff filed the instant lawsuit in the Court of Common Pleas for Dorchester County, South Carolina. (Dkt. No. 1-1.) In his Complaint, Plaintiff claims that "[o]n May 29, 2018, a false affidavit was file[d] against [Plaintiff alleging] that [he] didn't appear for a negotiation/genetic testing that was scheduled." (*Id*. at 4.) According to Plaintiff, the "false affidavit" also stated that he failed to reschedule the "negotiation/genetic testing" that he had allegedly missed. (*Id*.) Plaintiff claims that he

1

"was there and asked to go before a judge and to get a genetic test because [he] disagreed with the terms that were presented." (*Id*.) He further claims that he has "proof of affidavit," "witnesses were present," and the "conversation was recorded." (*Id*.) Plaintiff appears to allege that the "false affidavit" resulted in suspension of his driver's license and barber's license, and a levy on his bank account. (*Id*. at 5.)

Based on the foregoing, Plaintiff believes that Defendant "deprived [him] of his god given rights" and his "privileges as a citizen of the United States." (*Id*.) As such, Plaintiff brings causes of action for "deprivation of rights under color of law" pursuant to 18 U.S.C. § 242, and for violations of his Fourth and Fourteenth Amendment rights under the United States Constitution. (*Id*. at 5.)

## **LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98−99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, while a court must draw all reasonable inferences in favor of the plaintiff, it need not accept "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Defendant argues that the Complaint should be dismissed for several reasons. (Dkt. No. 8.) First, Defendant asserts that Plaintiff's cause of action for deprivation of rights under color of law pursuant to 18 U.S.C. § 242 fails because "§ 242 does not provide a private right of action or any civil remedy." (*Id*. at 1.) In addition, Defendant claims that "Plaintiff cannot maintain a § 1983 claim against this Defendant because DSS is not a person amenable to suit under that statute." (*Id*.) Next, Defendant argues that "even if Plaintiff could maintain a cause of action under § 1983 [] against DSS as a general matter, he has failed to set forth facts sufficient to state a plausible claim for relief and, therefore, the Complaint must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P." (*Id*.) Finally,

Defendant asserts that "even disregarding the foregoing, Plaintiff's Complaint is barred by the statute of limitations applicable to § 1983 actions." (*Id.*) The undersigned considers these arguments, below.

At the outset, the undersigned agrees that Plaintiff's first cause of action fails. Indeed, 18 U.S.C. § 242[1] is a criminal statute that does not create a private right of action. *Hagins v. Carrington Mortg. LLC*, No. 5:24-CV-217-M-BM, 2024 WL 3390440, at *4 (E.D.N.C. May 21, 2024) ("18 U.S.C. §§ 242 and 245 are criminal statutes, and do not create private rights of action."), *adopted*, 2024 WL 3432522 (E.D.N.C. July 16, 2024); *Haizlip v. Peterson*, No. 1:23-CV-210, 2024 WL 1120898, at *3 (M.D.N.C. Jan. 29, 2024) ("Plaintiff also alleges violation of federal criminal statutes including 18 U.S.C. §§ 242 and 1961, but those claims necessarily fail because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action." (internal quotation marks and citation omitted)), *adopted*, 2024 WL 1119441 (M.D.N.C. Mar. 14, 2024); *see also Brett v. Blume*, No. 3:19-CV-1134-JFA-SVH, 2019 WL 2178321, at *2 (D.S.C. Apr. 19, 2019) (noting that criminal statutes that provide criminal penalties

---

[1] As Defendant correctly notes, 18 U.S.C. § 242 is the "criminal analog to 42 U.S.C. § 1983." (Dkt. No. 8 at 1.) The statute mandates that:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.

do not give rise to civil liabilities), *adopted*, 2019 WL 2177318 (D.S.C. May 20, 2019). This claim must therefore be **DISMISSED**.

Plaintiff's § 1983 claims should also be dismissed. Although the Complaint does not specify that any of Plaintiff's claims arise under § 1983, Plaintiff plainly alleges that Defendant violated his Fourth and Fourteenth Amendment rights. (Dkt. No. 1-1 at 5.) Such claims fall under the purview of § 1983, which "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claims fail under the second prong.

A state, its agencies, and its officials acting in their official capacities are not "persons" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute); *see also Hafer v. Melo*, 502 U.S. 21, 25–31 (1991); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482–83 (4th Cir. 2005). Defendant here is a state agency and, as such, is not a "person" amenable to suit under § 1983. *Woods v. SC Dep't of Soc. Servs.*, No. 6:23-CV-4812-HMH-JDA, 2023 WL 7224542, at *5 (D.S.C. Oct. 11, 2023), *adopted*, 2023 WL 7222667 (D.S.C. Nov. 2, 2023) ("It is well settled that DSS, as a state agency, is not a 'person' subject to liability under § 1983."); *Garcia v. Lott*, No. 3:21-CV-2780-JMC-PJG, 2022 WL

3239539, at *3 (D.S.C. Jan. 19, 2022) (explaining DSS is not a "person" amenable to a suit for damages under § 1983), *adopted*, 2022 WL 3230086 (D.S.C. Aug. 9, 2022); *Stroman v. York Cnty. Dep't of Soc. Servs.*, No. 0:18-CV-1632-JMC-PJG, 2019 WL 498387, at *4 (D.S.C. Feb. 8, 2019) (same); *see also Fishburne v. S.C. Dep't of Corr.*, No. 8:21-CV-03542-TMC-JDA, 2022 WL 19404463, at *6 (D.S.C. Dec. 12, 2022) (noting that it is well-settled that an agency of the state is not a person within the meaning of § 1983, and thus is not a proper defendant), *adopted*, 2023 WL 2399959 (D.S.C. Mar. 8, 2023), *aff'd*, No. 23-6358, 2024 WL 864315 (4th Cir. Feb. 29, 2024). [2] Accordingly, the undersigned **RECOMMENDS** that Plaintiff's § 1983 claims should be **DISMISSED**.

The undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**, and that Plaintiff be granted an opportunity to amend his Complaint. As Defendant correctly notes, the allegations in Plaintiff's current Complaint are thin. (Dkt. No. 1-1.) Indeed, the undersigned cannot discern from the current Complaint how the "false affidavit" at issue relates to Defendant, nor how the "false affidavit" violated Plaintiff's constitutional rights. (*Id*.) Further, as explained in greater detail above, Plaintiff must allege that any purported § 1983 violations were committed by a person acting under the color of state law. *West*, 487 U.S. at 48. Although Defendant is not a "person" within the meaning of § 1983, Plaintiff may name a different defendant amenable to suit. Because Plaintiff could, in theory, cure the defects in his Complaint by

---

[2] Although Plaintiff's Complaint does not bring a claim for injunctive relief, (*see generally* Dkt. No. 1-1), it is worth noting that state agencies cannot be sued for prospective injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). *Sanders v. S.C. Dep't of Motor Vehicles*, No. CV 0:21-2630-SAL-PJG, 2021 WL 7367126, at *2 (D.S.C. Sept. 21, 2021), *adopted*, 2022 WL 686861 (D.S.C. Mar. 8, 2022); *see also Biggs v. N. C. Dep't of Pub. Safety*, 953 F.3d 236, 242 (4th Cir. 2020) (stating that the *Ex parte Young* exception does not allow for suits against state agencies) (citing *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)).

amending his factual allegations, the undersigned **RECOMMENDS** that he be given an opportunity to do so.[3]

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motions to Dismiss (Dkt. No. 8). The undersigned further **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**, and with leave to file an amended complaint.

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 26, 2024
Charleston, South Carolina

---

[3] As such, the undersigned finds it inappropriate to consider Defendant's statute of limitations argument at this juncture. Without further factual development, the undersigned cannot discern when Plaintiff first knew or should have known that he had a cause of action under § 1983. *Doe-2 v. Sheriff of Richland Cnty.*, No. 3:20-CV-2274-CMC, 2021 WL 2948953, at *7 (D.S.C. June 22, 2021), *aff'd*, No. 21-1771, 2023 WL 4026090 (4th Cir. June 15, 2023) (noting that the statute of limitations for a § 1983 claim accrues when the person "knew or by the exercise of reasonable diligence should have known that he had a cause of action.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).